IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SANDRA LOPAZ,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>    Defendants. | Civil No. 19-14868 (RMB/KMW)<br><br>OPINION |

APPEARANCES:

SANDRA LOPAZ, *pro se*
416 Division Street
Cinnaminson, New Jersey 08077

UNITED STATES ATTORNEY, CRAIG CARPENITO
By: Assistant United States Attorney Jessica R. O'Neill
Camden Federal Building and U.S. Courthouse
401 Market Street, 4th Floor
Camden New Jersey 08101
    *Attorneys for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff, Sandra Lopaz, brings this suit asserting various claims against the United States Government and its officers. Lopaz alleges that Defendants, the U.S. Department of Housing and Urban Development, "HUD"; Ben Carson, Secretary of HUD; John Lucey, Director, Federal Housing Administration ("FHA") Office of Asset Sales; and Brian Montgomery, FHA Commissioner, in

1

their official capacities, violated the law when HUD sold Lopaz's FHA-insured mortgage loan and failed to engage in formal rulemaking for the program under which the loan was sold.[1]

Defendants move to dismiss the Complaint. For the reasons stated herein, the motion will be granted.

I.  **FACTUAL BACKGROUND**

The Complaint alleges the following facts. "On November 13, 2008 Plaintiff executed an FHA Note and Mortgage in the amount of $154,660.00." (Compl. ¶ 10) "On January 1, 2011 JP Morgan Chase declared the Note and Mortgage defaulted." (Id. ¶ 12)

"Sometime in 2013 Plaintiff's Note and Mortgage were included in HUD's [Single Family Loan Sale program] 2014-1, Loan Pool 102. . . . Plaintiff's personal information (social security number, date of birth) were made available to 'qualifying bidders' on a website." (Compl. ¶ 13)

"On December 12, 2013 JP Morgan Chase assigned the Plaintiff's Mortgage to the Secretary of HUD." (Compl. ¶ 18) Plaintiff's mortgage was then assigned to several different banks over the course of 2014, 2015, and 2016. (Compl. ¶ 21, 25, 26) "On January 29, 2018 the Sheriff of Burlington County, New Jersey

---

[1] This is not the first lawsuit Plaintiff has filed in connection with the foreclosure. See Lopaz v. Stern & Eisenberg, P.C., No. CV 18-2136 (RMB/JS), 2018 WL 6061576 (D.N.J. Nov. 20, 2018).

caused a Sheriff's Deed to be filed conveying Plaintiff's home to U.S. Bank National Association." (Compl. ¶ 30)

The Complaint asserts five counts:

(1) Violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq.-- Plaintiff asserts that the SFLS Program should have been implemented through formal rulemaking with notice and comment but was not;

(2) "Negligence"-- among other things, Plaintiff alleges that she "was injured when her loan was sold to an entity that had no interest in stabilizing neighborhoods." (Compl. ¶ 43);

(3) "Discrimination"-- HUD allegedly "discriminated against the Plaintiff by selling Plaintiff's Note and Mortgage to a for profit entity while it sold other Notes and Mortgages to non-profits who had the objective to stabilize neighborhoods." (Compl. ¶ 46)

(4) Violation of "Unfair, Deceptive, Abusive Acts or Practices"/ the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 to -20. -- among other things, HUD's SFLS Program is allegedly "unfair as homeowners are not given the opportunity to dispute that all FHA loss mitigation has been exhausted." (Compl. ¶ 48)

(5) "Tort"-- Plaintiff "incorporates the allegations in Counts 1-4, as if fully set forth herein." (Compl. ¶ 53)

Plaintiff seeks only two forms of relief: an injunction "direct[ing] HUD to cease and desist all future loan sales until

it complies with the Administrative Procedure Act," and "the sum certain of $119,500," which was the assessed value of Plaintiff's house in 2014. (Compl. ¶ 19 and "Prayer for Relief" ¶ c.) Notably, Plaintiff also requests "[a]ppli[cation] [of] the doctrine of equitable tolling to the statute of limitations to run from the date of HUD's Inspector General Report July 14, 2017." (Id. ¶ a.)[2]

## II. LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 662. "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

---

[2] The report opined that HUD should have engaged in notice and comment rulemaking for the SFLS program. Defendants observe that the report did not consider whether the program was properly commenced pursuant to HUD's § 1701z-1 demonstration authority. See infra. n.4.

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012). Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

**III. ANALYSIS**

    **A.   The APA claim (Count 1)**

Defendants assert the APA claim is barred by the six-year statute of limitations applicable to APA claims against the United States. See Com. of Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Human Servs., 101 F.3d 939, 944–45 (3d Cir. 1996). Plaintiff implicitly acknowledges that more than six

5

years have elapsed since her claim accrued[3] but she argues that the Court should "equitabl[y] toll the statute of limitations to the date the injury was discovered." (Id.)  Defendants reply that Plaintiff has not met the standard for equitable tolling.  The Court agrees.[4]

"Equitable tolling is extended only sparingly, in circumstances '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" Glover v. F.D.I.C., 698 F.3d 139, 151 (3d Cir. 2012)(quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).  Plaintiff does not even assert that any of these three circumstances exist.  Rather, Plaintiff argues that she "did not discover the injuries caused by HUD until the OIG Report was made public on July 14, 2017," (Opposition Brief, p. 2).  This argument (a) is not a basis for equitable tolling

---

[3] See also, Washington v. United States Dep't of Hous. & Urban Dev., 2019 WL 5694102, at *32 (E.D.N.Y. July 29, 2019)(Magistrate Report & Recommendation) (holding identical claim untimely because more than six years had passed since the claim accrued on September 22, 2010).

[4] In light of this holding, the Court need not, and does not, reach Defendants' argument that formal notice and comment was not required for the SFLS program because the program was implemented pursuant to HUD's 12 U.S.C. § 1701z-1 demonstration authority.

under Glover as Plaintiff does not allege that she was misled in any way, or was otherwise prevented from knowing when HUD was selling loans pursuant to the SFLS program in the absence of formal rulemaking; and (b) has already been rejected by at least one other Court. See Washington, 2019 WL 5694102 at *31.

Accordingly, Defendants' Motion to Dismiss will be granted as to the APA claim, Count 1 of the Complaint.

### B. The tort claims (Counts 2, 4 and 5)

Defendants also assert that the tort claims are untimely. Under the Federal Tort Claims Act, a notice of claim must be filed within two years of claim accrual. 28 U.S.C. § 2401(b).[5] Plaintiff filed her Notice of Tort Claim on December 18, 2018. (Compl. ¶ 32 and Pl's Ex. G)  The latest date upon which any of Plaintiff's tort claims accrued is when Plaintiff's loan was sold, allegedly sometime in 2013.  (Compl. ¶¶ 13-14)  Thus, Plaintiff's notice of claim was approximately three years late,

---

[5] Failure to comply with the FTCA's limitations period deprives the Court of subject matter jurisdiction, Medina v. City of Phila., 219 F. App'x 169, 171-72 (3d Cir. 2007), therefore Defendants properly assert this argument pursuant to Fed. R. Civ. P. 12(b)(1), rather than 12(b)(6).  The Court construes Defendants' argument as to this issue as asserting a facial attack insofar as all of the facts necessary to the jurisdictional analysis-- the date the notice was filed and the date the claim accrued-- may be found in the Complaint. "A facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." Constitution Party of Pennsylvania v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014).  Thus, the Court applies the legal standard set forth in Section II of this Opinion.

at a minimum. Moreover, Plaintiff does not assert that the statute of limitations for these claims is subject to any type of tolling, nor does the Court discern any basis for tolling.

Accordingly, Defendants' Motion to Dismiss will be granted as to the tort claims, Counts 2, 4, and 5 of the Complaint.

### C. The discrimination claim (Count 3)

Lastly, Plaintiff's discrimination claim is exceedingly vague. Plaintiff does not identify any statute or constitutional provision that she asserts was violated. Based on the facts pled, the Court cannot discern any basis from which to plausibly conclude that Plaintiff asserts a claim based on race, gender, or any other protected characteristic that would receive protection under a specific federal statute. Thus, the Court construes Plaintiff's "discrimination" claim as asserting an equal protection claim under the United States Constitution.

Defendants correctly observe, however, that the United States has not waived its sovereign immunity to such claims. Lewal v. Ali, F. App'x 515, 516 (3d Cir. 2008). Accordingly, the discrimination claim against HUD must be dismissed.

To the extent the Complaint can be construed as asserting Bivens claims against the individual officer Defendants, the Complaint does not meet the notice pleading standard set forth in Fed. R. Civ. P. 8, Twombly, and Iqbal. The Complaint is completely silent as to each individual Defendant. It contains

no allegations whatsoever as to what each individual Defendant allegedly did or did not do.

Moreover, the Court will not grant leave to amend the discrimination claim because amendment would be futile. See Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017) ("district courts must offer amendment in civil rights cases . . . unless doing so would be inequitable or futile."). Bivens claims are subject to a two-year statute of limitations. DePack v. Gilroy, 764 F. App'x 249, 251 (3d Cir. 2019). Plaintiff's discrimination claim is based upon the sale of her loan, which as stated above, Plaintiff alleges occurred sometime in 2013. Thus, amendment is futile because the Bivens discrimination claim against HUD and the individual Defendants is time-barred.[6]

Accordingly, Defendants' Motion to Dismiss will be granted as to the discrimination claim, Count 3.

**III. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate Order shall issue on this date.

Dated: March 17, 2020

s/ Renée Marie Bumb
_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

---

[6] Additionally, sovereign immunity independently renders futile amendment of the Bivens equal protection claim against HUD.

9